IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-00088-CMA-MEH

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY, LLC,

    Defendant.

## ORDER

**Michael E. Hegarty, United States Magistrate Judge**.

    Before the Court is Plaintiff's Motion to Compel Production of Documents [filed November 4, 2013; docket #49]. The motion is fully briefed and has been referred to this Court for disposition [docket #50]. For the reasons that follow, Plaintiff's motion is **granted in part and denied in part**.

**I.    Background**

    Plaintiff Lehman Brothers Holdings Inc. ("LBHI") initiated this action on January 15, 2013 claiming a breach of contract arising from the sale of a residential mortgage loan by Defendant Universal American Mortgage Co. ("UAMC") to LBHI's assignor, Lehman Brothers Bank ("LBB"). In conjunction with the sale of the loan, UAMC made certain representations and warranties regarding the quality of the loan and the loan underwriting. LBB has claimed that the loan and/or the underwriting was not as promised and, further, that UAMC failed to repurchase and/or indemnify LBHI (or its assignor) upon demand as required by the parties' contract. UAMC denies that it breached any representations and warranties related to this loan.

    Due to pending motions to transfer and to consolidate (in a related case), this Court did not hold a scheduling conference in this case until June 27, 2013. At that conference, the parties

discussed a related case in Florida, apparently in which significant discovery had taken place. Docket #34. Therefore, the Court permitted limited discovery in this case and set the discovery cutoff for September 30, 2013. *Id.* Later, the Court granted UAMC's request for additional time within which to serve written discovery upon the LBHI, and ordered LBHI to respond to those discovery requests on or before October 11, 2013. Docket #47. The present motion followed on November 4, 2013.

LBHI seeks an order compelling UAMC to provide a copy of the first page of a "CLOUT" (Countrywide Loan Origination and Underwriting Technology) report produced by Countrywide Mortgage during initial processing of the subject loan ("Carter loan"). LBHI states that, despite its objections as to relevance, UAMC produced pages 2-10 of the report and, after LBHI protested as to the missing first page, UAMC asserted it does not have a copy of the first page. LBHI contends that UAMC's assertion is "incredible," since UAMC was able to produce the other pages which do not contain the information UAMC's underwriter received regarding the initial denial of the loan.

UAMC responds that it does not have the first page of the CLOUT report in its possession, custody or control. UAMC is unsure whether Countrywide failed to print it when requested years ago or whether the page was lost. UAMC counters that there is nothing "sinister" in its failure to produce the page, since the initial processing information, including a switch of loan products, was disclosed to LBHI in 2005 in the loan file submitted to its subsidiary, Lehman Brothers Bank ("LBB"). UAMC contends that it has made a reasonable inquiry and a diligent search for the document to no avail. In fact, UAMC attaches a declaration of Michele LePage, employed by UAMC as a Quality Assurance Supervisor, attesting that she conducted an "internal inquiry" and an examination of UAMC records, including an imaging system called, ORACLE, but was unable to find a copy of the first page of the CLOUT report. Declaration of Michele LePage, November 26, 2013 ("LePage Declaration"), ¶ 6, docket #59-2.

LBHI replies that, although it concedes that a document not in the possession, custody or control of a party cannot be compelled, due to its experience with UAMC and the history of the litigation, and particularly due to alleged "inconsistent" and vague statements by UAMC, LBHI does not "trust" UAMC's assertion that it does not possess a copy of page one of the CLOUT report. Accordingly, LBHI requests, in the alternative, that the Court order UAMC to provide an affidavit detailing its search efforts of the requested document.

**II.    Legal Standards**

The scope of evidence that is subject to discovery under the federal rules is broad:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P 26(b)(1) (2012). Generally, the party objecting to discovery as irrelevant must establish that the requested discovery does not fall under the scope of relevance as defined in Fed. R. Civ. P 26(b)(1). *Simpson v. University of Colo.*, 220 F.R.D. 354, 359 (D. Colo. 2004). First, however, the party moving to compel discovery must prove that the opposing party's answers are incomplete. *Bayview Loan Servicing, LLC v. Boland*, 259 F.R.D. 516, 518 (D. Colo. 2009) (citing *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10th Cir. 1976) ("appellees had the burden of proving the answer to their interrogatory was indeed incomplete")); *see also Continental Ins. Co. v. McGraw*, 110 F.R.D. 679, 682 (D. Colo. 1986) (the burden of proof lies with the proponent to prove answers are incomplete, inadequate, or false).

**III.   Analysis**

First, the Court agrees with the parties that it cannot compel any party to produce a document that is not in the party's possession, custody or control. However, the Court also agrees that certain of UAMC's statements may be inconsistent with its position that it does not have the first page of the CLOUT report. In particular, UAMC's representative attests that she conducted a thorough search, but could not locate a copy of the document; however, she also states, "Page 1 of the CLOUT report is nothing more than a summary of information provided in the remaining pages of the document." LePage Declaration, ¶ 5, docket #59-2. Ms. LePage does not elaborate as to how she would know the contents of Page 1 without possessing a copy of the document. Furthermore, as LBHI notes, the "summary" of the report appears to begin on Page 2 of the report.

The Court does not conclude that the declarant's statements are necessarily "inconsistent," but finds that the Declaration omits complete information as to Ms. LePage's knowledge and search of the document. Therefore, in light of UAMC's testimony that it is not in possession, custody or control of the document, the Court will **deny** LBHI's request to compel UAMC to produce the first page of the CLOUT report pertaining to the Carter loan, but will **grant** LBHI's request for an order requiring UAMC to provide an affidavit answering the questions and concerns LBHI raises in its Reply brief at page 5. To the extent that UAMC cannot answer a question or concern raised by LBHI, it must state in the affidavit its reasons for an inability to do so.

## IV.    Conclusion

The Court finds that LBHI has not met its burden to demonstrate that UAMC is in possession, custody or control of the subject document to justify an order compelling production of the document, but LBHI has met its burden to demonstrate that UAMC's affidavit concerning its search of the document is incomplete. *See Bayview Loan Servicing, LLC*, 259 F.R.D. at 518. Accordingly, the Court will deny LBHI's request for an order compelling production of the document, but will grant LBHI's request for an order requiring UAMC to provide an affidavit or

declaration answering or otherwise responding to the questions and concerns raised by LBHI in its reply brief at page 5.[1]  UAMC shall provide such affidavit or declaration to LBHI within ten (10) business days of this order.

Plaintiff's Motion to Compel Production of Documents [filed November 4, 2013; docket #49] is **granted in part and denied in part** as set forth herein.  All requests for attorney's fees are denied.

Dated at Denver, Colorado this 9th day of December, 2013.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

---

[1]Specifically, LBHI asserts:

> Ms. LePage fails to inform LBHI or the Court how the "internal inquiry" was made; to which personnel and which departments it was directed; who are the "relevant employees" and why are they relevant; whether Ms. LePage herself physically looked through files and if so which ones; which specific records were examined; which databases were examined; how they were examined; where pages 2-10 were found if they were never in the loan file to begin with; the business practice of UAMC dictating where CLOUT reports are kept; how long UAMC keeps certain records; etc. Ms. LePage also speculates that page 1—which LBHI believes contains information adverse to UAMC's interests in this litigation—was simply not imaged into UAMC's imaging system ORACLE. She does not explain how 2 of 10 pages could be preserved but page 1 would be extracted and destroyed.

Reply, docket #63 at 5.