IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 13-cv-00088-CMA-MEH

LEHMAN BROTHERS HOLDINGS INC.,

    Plaintiff,

v.

UNIVERSAL AMERICAN MORTGAGE COMPANY,

    Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

This matter is before the Court on Defendant Universal American Mortgage's Motion for Summary Judgment. (Doc. # 67.) The motion is ripe for the Court's review and for the reasons stated below, that motion is granted in part and denied in part.

**I.   BACKGROUND**

Plaintiff Lehman Brothers Holdings, Inc. ("LBHI") is a Delaware corporation with its principal place of business in New York. On or about January 31, 2006, Defendant sold a residential mortgage loan to Lehman Brothers Bank, FSB ("LBB") pursuant to a written Loan Purchase Agreement (the "Agreement") and the Seller's Guide, which is incorporated by reference. On February 27, 2006, LBB sold the loan to Freddie Mac. On June 11, 2008, Freddie Mac demanded that Plaintiff make it whole for its losses incurred following foreclosure of the property securing the Loan. In accordance with

Freddie Mac's demands, LBB repurchased the loan on July 25, 2008. On August 6, 2008, Aurora Loan Services, Plaintiff's agent, issued a repurchase demand to Defendant.

On March 11, 2011, Plaintiff first filed suit with regard to this loan in the Southern District of Florida. On January 4, 2013, Judge King, who presided over that action, ordered that the suit, which concerned eight distinct loans, be severed and refiled as separate claims. Judge King also stated, "The date of the filing of any [of] these Complaints will relate back to the filing of Plaintiff's original Complaint (DE #1), filed on March 11, 2011." (Doc. # 59-2) (*Lehman Bros. Holdings, Inc. v. Universal American Mort.*, Case No. 1:11-cv-20859-JLK, Doc. # 95, at 2 (January 9, 2013)).

On January 15, 2013, Plaintiff filed suit in this Court. (Doc. # 1.) Defendant now moves for summary judgment on Plaintiff's single claim, arguing that the action is barred by the statute of limitations.

## II.  LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56. To overcome a motion for summary judgment, the nonmoving party must present enough evidence to allow a reasonable jury to find in its favor. *Vitkus v. Beatrice Co.*, 11 F.3d 1535, 1539 (10th Cir. 1993). In analyzing the evidence on a motion for summary judgment, this Court must view the factual record and draw reasonable inferences in favor of the nonmoving party. *Kidd v. Taos Ski Valley, Inc.*, 88 F.3d 848, 851 (10th Cir. 1996).

### III. LAW AND ANALYSIS

To determine whether this action is timely, the Court must first determine which state's statute of limitations applies to the instant case. The parties focus on whether the plain language of the Agreement mandates that this Court apply New York's six-year limitations period. The Agreement states, in relevant part:

> This Agreement and the Seller's Guide shall be construed in accordance with the laws of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with the laws of the State of New York, except to the extent preempted by Federal law.

(Doc. # 21-1 at 5.) The Seller's Guide further states:

> The Loan Purchase Agreement shall be construed in accordance with the substantive law of the State of New York and the obligations, rights and remedies of the parties hereunder shall be determined in accordance with such law without regard for the principles of conflict of laws.

Plaintiff argues that, because the parties' contract applies "without regard for the principles of conflict of laws," it excludes application of the New York Borrowing Statute. (Doc. # 25 at 13.) The New York borrowing statute, states:

> An action based upon a cause of action accruing without the state cannot be commenced after the expiration of the time limited by the laws of either the state or the place without the state where the cause of action accrued, except that where the cause of action accrued in favor of a resident of the state the time limited by the laws of the state shall apply.

New York Civil Practice Law and Rules ("CPLR") § 202. "Stated plainly, the borrowing statute requires that, when a nonresident sues on a cause of action accruing outside New York, the cause of action must be timely under both New York's applicable statute of limitation and that of the jurisdiction where the cause of action accrued."

3

*Lehman Bros. Holdings, Inc. v. Universal Am. Mortg. Co., LLC*; No. 13-cv-0091-REB-KMT, 2014 WL 292858, at *2 (D.Colo. Jan. 27, 2014) (citing *Global Fin. Corp. v. Triarc Corp.*, 715 N.E.2d 482, 484 (N.Y. 1999)). "The cause of action is barred if either of these two periods of limitation has expired." *Id.* (citation omitted).

Courts have repeatedly held that the borrowing statute does not require the Court to engage in a conflict-of-law analysis. *Aurora Commercial Corp.,* No. 12-cv-3138-WJM-KLM, 2014 WL 1056383, at *3 (D. Colo. March 19, 2014); *see also Universal Am. Mortg. Co.*, 2014 WL 292858, at *3; *Ledwith v. Sears Roebuck & Co.,* 660 N.Y.S.2d 402, 406 (N.Y. App. Div. 1997) ("[M]odern choice-of-law decisions are simply inapplicable to the question of statutory construction presented by CPLR 202.")[1] To hold otherwise would be to defeat the very purpose of a borrowing statute, which mandates that between the foreign and local statute of limitations, the statute with the shorter period of limitation is to be applied, *Ledwith*, 660 N.Y.S.2d at 406, in order to keep nonresident, forum-shopping plaintiffs from exploiting advantageous limitations periods in other states. *See Patterson v. Williams*, 500 F. Appx. 792, 794 (10th Cir. 2012); *see also* Ibrahim J. Wani, *Borrowing Statutes, Statutes of Limitations and Modern Choice of* Law, 57 UMKC L. Rev. 681, 690 (1989).

Because the borrowing statute is not precluded by the contract's conflict-of-law prohibition, the Court addresses Plaintiff's second argument: that the borrowing statute is inapplicable because it was a New York resident at the time of the accrual of the

---

[1] For this same reason, the doctrine of *renvoi* has no bearing on the application of New York's borrowing statute. *See Baena v. Woori Bank,* 2006 WL 2935752, at *7 (S.D.N.Y. Oct. 11, 2006); *Ledwith,* 231 A.D.2d 17, 660 N.Y.S.2d at 406.

4

present action. "For purposes of the New York borrowing statute, a cause of action accrues where the injury is sustained. In cases involving economic harm, that place is normally the state of plaintiff's residence." *Gorlin v. Bond Richman & Co.*, 706 F.Supp. 236, 240 (S.D.N.Y. 1989). "In the case of a corporate plaintiff, that may be the state of incorporation or its principal place of business." *Oxbow Calcining USA v. Am. Indus. Parters*, 948 N.Y.S.2d 24, 30 (N.Y. App. Div. 2012); *see also Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *Universal Am. Mortg. Co.,* 2014 WL 292858, at *3.

Plaintiff claims that it is a Delaware corporation with its principal place of business in New York. (Doc. # 1, ¶ 5.) However, two courts in this district have recently observed that LBB was a federally chartered savings association, and not a corporation. *See Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *Universal Am. Mortg. Co.*, 2014 WL 292858, at *4; *see also* (Doc. # 21-6, "Federal Stock Charter Lehman Brothers Bank, FSB"). As a federally chartered savings association, LBB was "wholly a creature of federal statutory law" and was not incorporated under the laws of any state. *Universal Am. Mortg. Co.*, 2014 WL 292858, at *4 (citations omitted). Thus, its principal place of business "is the State in which the institution maintains its home office . . . ." 12 C.F.R. § 1263.18(b). *See also* 12 C.F.R. § 561.39 ("The term principal office means the home office of a savings association . . . .").

At all relevant times, Plaintiff's home office was in Wilmington, Delaware. (Doc. # 21-6 "Federal Stock Charter Lehman Brothers Bank, FSB," § 2 "The home office shall be in Wilmington, Delaware.") Therefore, the borrowing statute applies and this action

must have accrued within three years, according to Delaware's statute of limitations. *See* 10 Del. Code § 8106.

Plaintiff claims that the claim accrued when LBHI paid Freddie Mac for the loan on July 25, 2008. Under the New York Borrowing Statute, the statute of limitations began to run when this cause of action accrued, *i.e.*, at the time of the alleged breach. *Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *see also Ely-Cruikshank Co. v. Bank of Montreal*, 615 N.E.2d 985, 986 (N.Y. 1993). Here, Plaintiff's cause of action accrued when Plaintiff possessed a "legal right to demand payment." *Hahn Auto. Warehouse, Inc. v. Am. Zurich Ins. Co.*, 967 N.E.2d 1187, 1190 (2012) ("A consistent line of Appellate Division precedent holds that, where the claim is for payment of a sum of money allegedly owed pursuant to a contract, the cause of action accrues when the [party making the claim] possesses a legal right to demand payment.") (internal citation omitted). Thus, Plaintiff had a "legal right to demand payment" when it purchased the subject loan on or about January 31, 2006. *See Aurora Commercial Corp.*, 2014 WL 1056383, at *4; *Universal Am. Mortg. Co.*, 2014 WL 292858, at *4. Plaintiff did not file its original complaint until March 11, 2011. Therefore, Plaintiff's claims are barred by Delaware's three-year statute of limitations.

The Court also rejects Plaintiff's argument that, even if Delaware law applies, the statute of limitations was tolled. Delaware courts have "repeatedly held that a cause of action 'accrues' under Section 8106 at the time of the wrongful act, even if the plaintiff is ignorant of the cause of action." *Wal-Mart Stores, Inc. v. AIG Life Ins. Co.*, 860 A.2d 312, 319 (Del. 2004). Yet, Plaintiff asks this Court to apply Delaware's time discovery

rule, known as "the Doctrine of Unknowable Injury," pursuant to which, the statute of limitations is tolled:

> [W]here the injury is inherently unknowable and the claimant is blamelessly ignorant of the wrongful act and the injury complained of. In such a case, the statute will begin to run only upon the discovery of facts constituting the basis of the cause of action *or* the existence of facts sufficient to put a person of ordinary intelligence and prudence on inquiry which, if pursued, would lead to the discovery of such facts.

*Id.* Thus, Plaintiff must demonstrate that there were "no observable or objective factors to put [it] on notice of an injury." *Eni Holdings, LLC v. KBR Groupe Holdings, LLC,* CV 8075-VCG, 2013 WL 6186326 (Del. Ch. Nov. 27, 2013).

Plaintiff merely asserts it was "indeed ignorant of the defective nature of the loan." (Doc. # 68 at 22.) However, this is not sufficient to demonstrate that its claim was "inherently unknowable," and instead, Plaintiff essentially asks this Court to toll the limitations period because it was "ignorant of the cause of action." *See Wal-Mart Stores, Inc.*, 860 A.2d at 319; *see also Mulrooney v. Corp. Serv. Co.*, CIV.A. 12-163-SLR, 2013 WL 1246769 (D. Del. Mar. 27, 2013) ("Delaware Supreme Court would apply the time of discovery rule in this context and toll the applicable statute of limitations until Plaintiff was or should have been aware of his legal injury, as opposed to his actual injury"). It is Plaintiff's burden to establish that tolling is applicable. *Eni Holdings, LLC,* 2013 WL 6186326, at *11. Because Plaintiff has not met its burden, the three-year statute of limitations is not tolled.

Plaintiff argues that even if a three-year statute of limitations applies, the suit is timely because Defendant's failure to repurchase the loan within thirty days of Plaintiff's agent's demand on August 6, 2008, is an independent breach. Another court in this

district rejected a similar argument, *Aurora Commercial Corp.*, 2014 WL 1056383, *4-5, and this Court is also not persuaded. Moreover, *ACE Sec. Corp. v. DB Structured Products, Inc.*, the primary case upon which Plaintiff relies, was recently reversed. In rendering its decision, the reviewing court stated, "The motion court erred in finding that plaintiff's claims did not accrue until defendant either failed to timely cure or repurchase a defective mortgage loan. To the contrary, the claims accrued on the closing date of the [Master Loan Purchase Agreement], March 28, 2006, when any breach of the representations and warranties contained therein occurred." *ACE Sec. Corp. v. DB Structured Products, Inc.*, 977 N.Y.S.2d 229, 231 (2013) (internal citations omitted). Therefore, this suit is time barred.

## IV. CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Defendant Universal American Mortgage's Motion for Summary Judgment (Doc. # 67) is GRANTED IN PART AND DENIED IN PART as follows:

    a. The motion is GRANTED to the extent it contends that Plaintiff's claims are barred by the statute of limitations;

    b. The motion is DENIED AS MOOT in all other respects; and

    c. Plaintiff's single claim is DISMISSED WITH PREJUDICE.

2. Plaintiff's Motion for Partial Summary Judgment (Doc. # 48) is DENIED AS MOOT.

3. Plaintiff's Motion to Exclude Defendant's Expert and Strike Defendant's Expert Report (Doc. # 51) is DENIED AS MOOT.

4. Defendant's Motion for Leave to File Supplemental Authority (Doc. # 86) is GRANTED.

8

5. Defendant's Motion to Strike (Doc. # 85) Reply to Response to Motion, for Leave to File Notice of Ruling in Related Case Combined with Notice of Ruling in Related Case (Doc. # 88) is DENIED.

6. Defendant's Motion for Leave to Leave to File Supplemental Authorities (Doc. # 99) is GRANTED.

7. Plaintiff's Motion for Order to for Determination as to Defendant's Waiver of Its Right to a Jury Trial (Doc. # 102) is DENIED AS MOOT.

8. All pretrial deadlines, the Final Trial Preparation Conference, and trial are VACATED.

9. Defendant shall have its costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

10. This case is DISMISSED in its entirety.

DATED:  April 30, 2014

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge